# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KASHARD OMAR BROWN,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:11-CV-01058-JCM-(CWH)

**ORDER**

    Petitioner has filed an amended petition (#31). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will direct respondents to file a response, with one qualification.

    In ground 3, petitioner claims that the admission of prior-bad-act evidence violated his state and federal constitutional rights. Petitioner divides ground 3 into two parts. The header for ground 3(a) indicates that it is a claim that the trial court abused its discretion when it admitted prior bad acts in violation of Nevada law. The header for ground 3(b) indicates that it is a claim that the ruling to admit the prior bad acts made the trial fundamentally unfair and denied petitioner due process of law. The substance of ground 3 does not match the structure that petitioner created for ground 3. Much of ground 3(a) contains descriptions of the prior-bad-act evidence. More importantly, petitioner has inserted into ground 3(a)(1) a claim that the Confrontation Clause of the Sixth Amendment was violated. Ground 3(b) contains arguments that the admission of prior-bad-act evidence violated both federal and state law. The court will not address petitioner's claims that the admission of prior-bad-act evidence violated state law, because the court can grant relief only on

finding that petitioner is in custody in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2254(a). Even assuming that petitioner presented this claim to the Nevada Supreme Court as an issue of federal law, the court can grant relief only if the evidentiary ruling made the trial fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Furthermore, the Nevada Supreme Court's ruling would need to be contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). See also Alberni v. McDaniel, 458 F.3d 860, 866-67 (9th Cir. 2006). The court will not dismiss part of ground 3 because the non-addressable claims and the addressable claims are intertwined. Instead, respondents need not respond to any claims of a violation of purely state law, and respondents will need to notice the Confrontation Clause claim in ground 3(a)(1).

　　　　IT IS THEREFORE ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the amended petition (#31). If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

　　　　DATED March 22, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　JAMES C. MAHAN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge