1
2
3
4
5
6           **UNITED STATES DISTRICT COURT**
7                 **DISTRICT OF NEVADA**
8
9    KASHARD OMAR BROWN,
10           Petitioner,                          Case No. 2:11-CV-01058-JCM-(CWH)
11   vs.                                          **ORDER**
12   BRIAN E. WILLIAMS, et al.,
13           Respondents.
14
15          Petitioner has filed an amended petition (#31).  The court has reviewed it pursuant to Rule 4
16   of the Rules Governing Section 2254 Cases in the United States District Courts.  The court will
17   direct respondents to file a response, with one qualification.
18          In ground 3, petitioner claims that the admission of prior-bad-act evidence violated his state
19   and federal constitutional rights.  Petitioner divides ground 3 into two parts.  The header for ground
20   3(a) indicates that it is a claim that the trial court abused its discretion when it admitted prior bad
21   acts in violation of Nevada law.  The header for ground 3(b) indicates that it is a claim that the
22   ruling to admit the prior bad acts made the trial fundamentally unfair and denied petitioner due
23   process of law.  The substance of ground 3 does not match the structure that petitioner created for
24   ground 3.  Much of ground 3(a) contains descriptions of the prior-bad-act evidence.  More
25   importantly, petitioner has inserted into ground 3(a)(1) a claim that the Confrontation Clause of the
26   Sixth Amendment was violated.  Ground 3(b) contains arguments that the admission of prior-bad-
27   act evidence violated both federal and state law.  The court will not address petitioner's claims that
28   the admission of prior-bad-act evidence violated state law, because the court can grant relief only on

1   finding that petitioner is in custody in violation of the Constitution or the laws of the United States.

2   28 U.S.C. § 2254(a).  Even assuming that petitioner presented this claim to the Nevada Supreme

3   Court as an issue of federal law, the court can grant relief only if the evidentiary ruling made the

4   trial fundamentally unfair.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Furthermore, the

5   Nevada Supreme Court's ruling would need to be contrary to, or an unreasonable application of,

6   clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C.

7   § 2254(d)(1).  See also Alberni v. McDaniel, 458 F.3d 860, 866-67 (9th Cir. 2006).  The court will

8   not dismiss part of ground 3 because the non-addressable claims and the addressable claims are

9   intertwined.  Instead, respondents need not respond to any claims of a violation of purely state law,

10   and respondents will need to notice the Confrontation Clause claim in ground 3(a)(1).

11          IT IS THEREFORE ORDERED that respondents shall have forty-five (45) days from the

12   date of entry of this order to answer or otherwise respond to the amended petition (#31).  If

13   respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing

14   Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five

15   (45) days from the date on which the answer is served to file a reply.

16          DATED March 22, 2012.

17

18                                                              _____

19                                                              JAMES C. MAHAN
                                                                United States District Judge

20

21

22

23

24

25

26

27

28

-2-