# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KASHARD OMAR BROWN,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:11-cv-01058-JCM-CWH

**ORDER**

The court determined that the amended petition (#31) was mixed, because ground 1(B), as pleaded in this court, had not been exhausted in the state courts. Order (#59). Currently before the court are petitioner's motion for stay and abeyance (#60), respondents' opposition (#66), and petitioner's reply (#67). Petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). The court finds that good cause exists for petitioner's failure to exhaust ground 1(B), that petitioner has not been dilatory, and the court grants the motion.

Petitioner killed Rebekah Hanson by shooting her with a shotgun. He did not dispute the act. His defense was that the shooting was an accident.

In ground 1(B), petitioner claims that his trial counsel provided ineffective assistance regarding an expert witness on firearms, Robert Irwin. The shotgun in question was missing the bolt that held the stock to the rest of the gun. Only tape or friction held the stock to the weapon. See Ex. 50, at 49 (#43) (testimony of Jim Krylo, firearms expert for prosecution). An eyewitness

1  testified that right after the shooting, petitioner dropped the shotgun, and the stock fell off.  Trial
2  counsel provided the shotgun to Irwin, but counsel did not provide the stock, and counsel did not
3  tell Irwin that the stock was missing.  Ultimately, counsel did not call Irwin to testify at trial.

4          In his state habeas corpus petition, petitioner claimed that trial counsel was ineffective for
5  not calling Irwin as a witness.  Petitioner did not allege in his state petition that counsel did not
6  provide the stock to Irwin and that counsel did not tell Irwin that the stock was missing.  Petitioner
7  did not present these facts in the briefs on appeal from the denial of the state habeas corpus petition.
8  Instead, petitioner filed post-briefing motions in the Nevada Supreme Court, asking to admit newly
9  discovered evidence with supplementing or amendment of the petition, or to remand the case to the
10  district court for consideration of the new evidence and claims.  Ex. 202, 209 (#49).  The Nevada
11  Supreme Court declined to consider the new evidence.  Ex. 214, at 6 n.2 (#49).

12          This court determined that ground 1(B) was not exhausted because petitioner had tried to
13  present the new facts to the Nevada Supreme Court in a procedurally incorrect manner and because
14  the Nevada Supreme Court did not consider the facts.  Order, at 5-6 (#59).

15          The court finds that petitioner has shown good cause for a stay.  The court disagrees with
16  respondents' argument that good cause for a stay does not exist because petitioner thought that he
17  had exhausted his claim.  See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008).  Wooten
18  held that good cause for a stay does not exist when a petitioner is under the incorrect impression that
19  his counsel had presented all claims to the state's highest court:

20  > To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-obey orders routine.  Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay.  Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances."

24  Id. (citing Rhines, 544 U.S. at 277) (emphasis in original).  The circumstances in this case, based
25  upon the record before the court, are more unique than a petitioner who thinks that counsel had
26  raised an unexhausted claim.  Irwin, the defense's firearms expert, tested the shotgun without the
27  stock attached and without knowing that the stock existed.  Ex. 202, internal Ex. A (#49).  Petitioner
28  did not know that trial counsel had not provided the stock along with the shotgun to Irwin.  Ex. 209,

-2-

internal Ex. A (#49). David Phillips, who represented petitioner during the pendency of the state habeas corpus petition, but not the appeal, thought that trial counsel had given both the shotgun and the stock to Irwin. Id. Lisa Rasmussen, who represented petitioner during the appeal from the denial of the state habeas corpus petition, was unable to communicate meaningfully with Irwin until December 2010, after briefing on the post-conviction appeal had closed, because Irwin was a candidate for the state assembly. Id. Only then did Rasmussen learn that Irwin was assuming that there was no stock and that Phillips was assuming that Irwin had tested the shotgun with the stock. Petitioner was not under an incorrect impression that counsel had presented all claims to the Nevada Supreme Court. Rather, it appears that petitioner did not know that he had a potential claim of ineffective assistance of counsel related to the missing shotgun stock until after the briefing in his state habeas corpus appeal had closed. Under these circumstances, good cause exists for the failure to exhaust that claim.

The remaining two elements also allow for a stay. For the purposes of determining whether a stay should issue, the claim in ground 1(B) has potential merit. The court's review of the record shows that petitioner has been diligent in his litigation. Furthermore, as noted above, petitioner does not appear to have been intentionally dilatory; he tried to bring the new facts to the Nevada Supreme Court's attention as soon as he learned about it.

The court makes no comment on the parties' arguments about Martinez v. Ryan, 132 S. Ct. 1309 (2012). In Martinez, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320 (emphasis added). The court will not determine at this time whether petitioner will be procedurally defaulted if he returns to state court, let alone whether petitioner state habeas corpus counsel was ineffective.

IT IS THEREFORE ORDERED that petitioner's motion for issuance of stay and abeyance order (#60) is **GRANTED**.

IT IS FURTHER ORDERED that this action is **STAYED** pending exhaustion of the unexhausted claims. Petitioner shall return to this court with a motion to reopen within sixty (60) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that the clerk of court shall administratively close this action until such time as the court grants a motion to reopen the action.

DATED: February 6, 2014.

_____
JAMES C. MAHAN
United States District Judge