# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KASHARD OMAR BROWN,

    Petitioner,

    v.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:11-cv-01058-JCM-CWH

**ORDER**

Before the court are the amended petition for a writ of habeas corpus (ECF No. 31), respondents' second motion to dismiss (ECF No. 79), petitioner's opposition (ECF No. 84), and respondents' reply (ECF No. 88). Ground 1(B) of the amended petition is procedurally defaulted, but the court defers ruling upon whether petitioner can excuse the procedural default until the parties fully brief the merits of the amended petition. The court rejects respondents' other arguments. For those reasons, the court denies the motion to dismiss.

After a jury trial in state district court, petitioner was convicted of one count of possession of a short-barreled shotgun and one count of murder with the use of a deadly weapon. R. Ex. 62 (ECF No. 44-16).[1] Petitioner appealed. At first, the Nevada Supreme Court affirmed on most grounds and reversed on the ground that the jury was not properly instructed on the prosecution's burden of disproving petitioner's defense that the killing was an accident. R. Ex. 86 (ECF No.

---

[1] Citations to "P. Ex." are to petitioner's exhibits. Citations to "R. Ex." are to respondents' exhibits.

1

45-10). After entertaining an untimely petition for rehearing, the Nevada Supreme Court vacated its earlier order and affirmed on all grounds. R. Ex. 98 (ECF No. 45-22).

Petitioner, represented by retained counsel, filed a state habeas corpus petition and a supplement. R. Ex. 107 (ECF No. 47-6), R. Ex. 108 (ECF No. 47-7). Petitioner, still represented by counsel, then filed a proper-person motion for leave to amend his petition. R. Ex. 113 (ECF No. 47-14). Along with that motion, he filed a proposed amended petition and a proposed memorandum of points and authorities. R. Ex. 114 (ECF No. 47-15), 112 (ECF No. 47-11, 47-12, and 47-13). Later, he filed a proper-person supplement. R. Ex. 115 (ECF No. 47-16). The state district court held an evidentiary hearing on the claim that petitioner's trial counsel was ineffective because counsel had not investigated or called as a witness Donna Lang. R. Ex. 136 (ECF No. 48-5). The state district court found that all of petitioner's claims lacked merit. R. Ex. 144 (ECF No. 48-13). Petitioner appealed, and new counsel was appointed.[2] R. Ex. 157 (ECF No. 48-26). The Nevada Supreme Court affirmed. R. Ex. 214 (ECF No. 49-25).

Petitioner then commenced this action. The original petition was filed by the attorney who represented petitioner in his state habeas corpus appeal. (ECF No. 1). The court then appointed the Federal Public Defender, who filed an amended petition. (ECF No. 31).

Respondents then filed their first motion to dismiss. (ECF No. 42). The court found that grounds 1(A) and 1(C) of the amended petition were timely because they did relate back to the original petition. The court found that grounds 1(A) and 1(C) were exhausted because petitioner had not fundamentally altered the claims from what he had presented in state court.[3] The court found that ground 2 was exhausted because the Nevada Supreme Court necessarily addressed petitioner's claims, even if petitioner did not make those claims explicit on direct appeal. The court found that ground 1(B) was unexhausted because petitioner had fundamentally altered the

---

[2] While that appeal was pending, petitioner filed a proper-person habeas corpus petition in this court, Brown v. Neven, 2:08-cv-01609-RCJ-GWF. Counsel in the then-pending state post-conviction proceedings appeared in Brown v. Neven and moved to dismiss that action because the state-court proceedings were not yet complete. The court dismissed Brown v. Neven without prejudice.

[3] The court found that ground 8, a claim of cumulative error that incorporated grounds 1(A) and 1(C), also was timely and exhausted.

claim from what he had presented in state court. The court found that ground 6 was procedurally defaulted, and the court dismissed that ground.

The court stayed the action to allow petitioner to exhaust ground 1(B). (ECF No. 68). Petitioner filed a new post-conviction habeas corpus petition in the state district court. P. Ex. 160 (ECF No. 71-1). Petitioner raised all the claims that he raises in the amended petition. Id. The state district court denied the petition because it was untimely under Nev. Rev. Stat. § 34.726(1), successive under Nev. Rev. Stat. § 34.810(2), barred by laches under Nev. Rev. Stat. § 34.800, and barred by the law of the case. P. Ex. 165 (ECF No. 71-6). Petitioner appealed, and the Nevada Supreme Court affirmed. P. Ex. 175 (ECF No. 71-16).

The court then reopened the action. (ECF No. 72). Respondents' second motion to dismiss followed. (ECF No. 79). The court will address the parties' arguments out of the order presented.

Respondents argue that ground 1(B) is procedurally defaulted. Ground 1(B) is a claim that trial counsel provided ineffective assistance because he did not tell the defense expert on firearms that the shotgun used in the killing had a faulty stock. The court found that this ground was unexhausted. Petitioner returned to state court. The state courts found that the ground was procedurally barred as untimely under Nev. Rev. Stat. § 34.726(1) and as successive under Nev. Rev. Stat. § 34.810(2).

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v.

Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

Petitioner argues that he has good cause to excuse the procedural default. Petitioner relies upon Martinez v. Ryan, 566 U.S. 1 (2012), which held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. Miller-El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

Id. at 14. Nevada generally requires a prisoner to raise a claim of ineffective assistance of counsel in a post-conviction habeas corpus petition. Counsel did not represent petitioner in the state district court during his first post-conviction habeas corpus proceedings.

The court prefers to address the matter in the same manner that it often does when a claim of cause and prejudice is based upon an independent claim of constitutionally ineffective assistance of either trial or appellate counsel. In such circumstances, the court often defers a resolution of the cause-and-prejudice analysis until after the filing of an answer and reply contingently addressing the claims also on the merits, so that the court may have the benefit of a full factual and legal presentation as to all relevant claims. That is the procedure that the court will follow herein.

Respondents argue that ground 2 is procedurally defaulted to the extent that it presents legal theories not presented to the state courts before the second state post-conviction habeas corpus petition. Before petitioner returned to state court, this court already had determined that ground 2 was completely exhausted. (ECF No. 59, at 6-7). The court agrees with petitioner that a successive rejection of a federal claim does not bar federal habeas corpus review of a claim that the state court originally decided on the merits. Cone v. Bell, 556 U.S. 449, 466-67 & n.12 (2009). Ground 2 is not procedurally defaulted.

4

Respondents renew their argument from their first motion to dismiss that grounds 1(A) and 1(C) are untimely. The court disagrees. The court explained in its earlier order that the additional facts alleged in the amended petition still share a common core of operative fact with the original petition. (ECF No. 59, at 3-4). Nothing has changed.

Respondents argue that grounds 1(A) and 1(C) are procedurally defaulted. This argument follows from respondents' argument in their first motion to dismiss that grounds 1(A) and 1(C) were unexhausted. The court rejected that argument. (ECF No. 59, at 4-5). However, the court stayed the action while petitioner properly exhausted ground 1(B) in the state courts. (ECF No. 68). Back in state court, petitioner filed a post-conviction habeas corpus petition that raised all his grounds for relief, including grounds 1(A) and 1(C). P. Ex. 160, at 14-17, 21-22 (ECF No. 71-1, at 15-18, 22-23). The state district court denied the petition for four reasons. First, the second state petition was barred by laches under Nev. Rev. Stat. § 34.800. P. Ex. 165, at 3-4 (ECF No. 71-6, at 5-6). Second, the second state petition was untimely under Nev. Rev. Stat. § 34.726(1). Id. at 4 (ECF No. 71-6, at 6). Third, petitioner conceded that all the grounds in the second state petition were raised in previous state-court proceedings, thus barring the second state petition under Nev. Rev. Stat. § 34.810(2). Id. at 4 (ECF No. 71-6, at 6). Fourth, the law of the case barred consideration of ground 1(B) in the second state petition. Id. at 4-5 (ECF No. 71-6, at 6-7). Petitioner appealed, and the Nevada Supreme Court affirmed. P. Ex. 175 (ECF No. 71-16). Respondents argue that because grounds 1(A) and 1(C) were unexhausted before petitioner's return to state court, those grounds now should be procedurally defaulted because the state courts applied state-law procedural bars.

Petitioner repudiates his arguments in his opposition to the first motion to dismiss that grounds 1(A) and 1(C) were exhausted. Petitioner now concedes that grounds 1(A) and 1(C) were unexhausted then, are procedurally defaulted now, and that he can overcome that procedural default because of the ineffective assistance of initial state post-conviction counsel under Martinez v. Ryan. ECF No. 84, at 17-24. Petitioner argues that the decision of the Ninth Circuit in Dickens v. Ryan, 740 F.3d 1302 (9th Cir. 2014) (en banc), issued after this court's ruling on the first motion to dismiss, means that grounds 1(A) and 1(C) must be considered new claims.

5

(ECF No. 84, at 17-18). Dickens stated, "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' Vasquez [v. Hillery, 474 U.S. 254, 260]; Beaty [v. Stewart, 303 F.3d 975, 989-90 (9th Cir. 2002)], or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.' Aiken [v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988)]; accord Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir.1988)." Dickens is nothing new. It simply restates the rule that the court applied, at petitioner's urging, that new facts that do not fundamentally alter the claim do not make a ground unexhausted. The court has reviewed again grounds 1(A) and 1(C) with their equivalents in the opening brief on appeal from the denial of the first state habeas corpus petition, R. Ex. 181, at 22, 26-27 (ECF No. 50-20, at 33, 37-38). Nothing causes the court to depart from its earlier ruling that grounds 1(A) and 1(C) are exhausted.[4]

Respondents also apply their arguments above to ground 8, a claim of cumulative error, to the extent that ground 8 incorporates the claims in grounds 1(A) and 1(C). Because the court has

---

[4] Respondents make an interesting argument that procedural default, lack of exhaustion, and untimeliness of grounds 1(A) and 1(C) are intertwined based upon the peculiarities of this case. Lisa Rasmussen represented petitioner in his appeal from the denial of the first state post-conviction habeas corpus petition. She also initially represented petitioner in this action and filed the original petition (ECF No. 1). The equivalents to the amended petition's grounds 1(A) and 1(C) are parts V(A)(2) and V(A)(3) of the opening brief on appeal, ECF No. 50-20, at 22-26, 26-27, and grounds 1(B) and 1(D) in the original petition, ECF No. 1, at 41-46, 52-53. Unsurprisingly, the facts alleged in the state appellate brief and in the original federal petition are identical. Respondents argue that if the facts alleged in current grounds 1(A) and 1(C) fundamentally alter the claims from what petitioner alleged in his appellate brief to the Nevada Supreme Court, then those facts necessarily do not relate back to what petitioner alleged in his original petition in this court.
  Petitioner has no real answer to this argument. He states, "Respondents do not provide any new law, arguments, or facts in support of this ground for dismissal. As a result, it is barred by the law of the case." ECF No. 84, at 25). However, petitioner himself provided the new arguments with his repudiation of his own argument that grounds 1(A) and 1(C) are exhausted. In his opposition to the first motion to dismiss, his argument that those grounds are exhausted and his argument that those grounds relate back are the same. ECF No. 55, at 3-8, 10-11. By repudiating his argument for exhaustion, petitioner necessarily undercuts his argument that grounds 1(A) and 1(C) relate back to the timely filed original petition.
  Respondents argue that petitioner's oppose-then, concede-now strategy is an attempt to use Martinez v. Ryan to circumvent the requirements of 28 U.S.C. § 2254(d), as interpreted in Cullen v. Pinholster, 563 U.S 170 (2011). ECF No. 88, at 10 n.4. If so, then petitioner would be hoisted on his own petard if the court used his concession on exhaustion to dismiss grounds 1(A) and 1(C) as untimely instead of reviewing the grounds on their merits. Such are the incentives that Martinez creates. Nonetheless, the court has determined that grounds 1(A) and 1(C) are exhausted, and it will not change that determination now. As the court stated earlier, whether it can consider the new factual allegations in its review of grounds 1(A) and 1(C) on their merits is a question that the court will answer when it turns to those grounds' merits. ECF No. 59, at 5 n.4.

6

rejected those arguments, the court necessarily finds that ground 8 is timely and not procedurally defaulted.

Respondents have filed a motion for enlargement of time (second request) (ECF No. 87), which the court grants.

IT THEREFORE IS ORDERED that respondents' motion for enlargement of time (second request) (ECF No. 87) is **GRANTED**.

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 79) is **DENIED**.

IT FURTHER IS ORDERED that the court defers consideration of whether petitioner can demonstrate cause and prejudice under Martinez v. Ryan, 566 U.S. 1 (2012), to overcome the procedural default of Ground 1(B) until after the filing of an answer and reply in this action.

IT FURTHER IS ORDERED that that, within forty-five (45) days of entry of this order, respondents must file an answer addressing all claims in the amended petition on the merits, under a de novo standard of review as to ground 1(B), and addressing whether ground 1(B) is barred by procedural default under federal law.

IT FURTHER IS ORDERED that petitioner will have forty-five (45) days from service of the answer within which to file a reply.

DATED March 13, 2019.

                                            JAMES C. MAHAN
                                            United States District Judge